"The jurors for the State upon their oath present, that on the twelfth day of August, 1839, in the county of Rowan aforesaid, a number of the citizens of said county were peaceably assembled at the house of Joseph Weant, in said county, for religious worship, and for the purpose of offering prayers to Almighty God; and the said persons being then and there so assembled together for the purpose aforesaid, and actually engaged in divine worship, Peter R. Swink and Johnson E. Swink, well knowing the purpose of the said meeting, with force and arms, did then and there enter into said house, and by loud and abusive language, then *Page 387 
and there, with profane oaths and violent actions, did disturb wantonly and intentionally the worship of the Almighty, and did disturb and molest the citizens then and there assembled for divine worship, to the great contempt of religion, to the common nuisance of the citizens of the State then and there being, and against the peace and dignity of the State."
After conviction the defendants moved in arrest of judgment that the bill of indictment did not charge any indictable offense, but his Honor overruled the motion and pronounced judgment, from which the defendants appealed.
We entertain the same opinion with his Honor, and (493) think that judgment was properly given for the State. The case is fully within the principle of Jasper's case, 4 Dev. Rep., 323, which is, that a congregation of people collected together for the purpose of divine service, and engaged in the worship of Almighty God, are protected by the laws and Constitution of this State from wanton interruption or disturbance. To entitle them to that protection it is not requisite that they should be assembled in a church, chapel, or meetinghouse, as in this State houses set apart by religious societies permanently for worship are generally and indifferently called. That would be the rule if the indictment were framed upon a statute protecting churches, or people worshiping in churches. But under the enlarged sense of the Constitution "a place of worship" is constituted by the congregating of numerous worshipers thereat, for it is the right of conscience, the worship of the Supreme Being by his creatures, that is protected, and not merely the edifice. Our opinion, therefore, is that although the assembly was at a private house — as we think must be intended upon this indictment — the defendants were guilty of a gross misdemeanor in molesting the persons there engaged in offering their common prayers, or united in other acts of worship to God. The Superior Court must consequently proceed to enforce the sentence.
PER CURIAM. Judgment to be affirmed.
Cited: S. v. Ramsay, 78 N.C. 453. *Page 388