

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

July 31, 1962

Honorable Jack Fields
County Attorney
Calhoun County Courthouse
Port Lavaca, Texas

Dear Mr. Fields:

Opinion No. WW-1409

Re: Authority of County Commis-
sioners' Court to expend tax
funds for the construction
and maintenance of a chapel in
connection with a county hos-
pital.

Your request for opinion on the above captioned ques-
tion reads in part as follows:

"Calhoun County in 1948, by the employment
of local tax funds and Federal funds, constructed
a County Hospital in the City of Port Lavaca,
Texas.

"This hospital was expanded in 1952, and in
1961 an additional $700,000.00 in bonds was voted
for a three-story addition, which work is now in
progress.

"The original plan of the new structure pro-
vided for a chapel for family use and ministerial
services, as is customarily provided in many hos-
pitals. The construction of this chapel has not
been authorized by the Court and its approval has
been postponed until sufficient tax funds are made
available and all questions as to legality of such
expenditures are determined.

". . .

"It is for that reason we request a ruling as
to whether or not a Commissioners Court is author-
ized to expend tax funds for the construction and
maintenance of a chapel as a part of County Hospi-
tal service."

This office has previously considered several situa-
tions, cited below, where chapels have been constructed with
private funds and placed as instrumentalities of various state
institutions, but we have heretofore not been requested to rule

on the situation wherein public funds are to be used for construction of a chapel or other building to be used as a place of worship.

Section 6 of Article I of the Constitution of Texas states as follows:

"All men have a natural and indefeasible right to worship Almighty God according to the dictates of their own consciences. No man shall be compelled to attend, erect or support any place of worship, or to maintain any ministry against his consent. No human authority ought, in any case whatever, to control or interfere with the rights of conscience in matters of religion, and no preference shall ever be given by law to any religious society or mode of worship. But it shall be the duty of the Legislature to pass such laws as may be necessary to protect equally every religious denomination in the peaceable enjoyment of its own mode of public worship." (Emphasis added)

Section 7 of that Article states:

"No money shall be appropriated, or drawn from the Treasury for the benefit of any sect, or religious society, theological or religious seminary; nor shall property belonging to the State be appropriated for any such purposes." (Emphasis added)

You will note that Section 6 refers to "any place of worship . . ." In the case of Church v. Bullock, 104 Tex. 1, 109 S.W. 115 (1908), the Supreme Court stated at page 118:

". . . As used in the Constitution the phrase 'place of worship' specifically means a place where a number of persons meet together for the purpose of worshiping God. State v. Swink, 20 N.C. 492. The Century Dictionary gives this definition: 'A building or part of a building set apart for any purpose--as a place of worship.' The worship of God is not prohibited in any place, but we are of the opinion that the spirit of the Constitution would include any place at which the worship might be indulged in so continuously and in such a manner as to give it the character of 'a place of worship.' Buildings and institutions

erected and maintained by the state cannot be used for such purposes. We do not undertake to state any rule as to what will constitute a 'place of worship.' That must necessarily depend upon the facts of each case. . . ." (Emphasis added)

Black's Law Dictionary (4th Ed. 1951), defines worship in the following language:

"Any form of religious service showing reverence for Divine Being, or exhortation to obedience to or following of the mandates of such Being. . . ."

In Attorney General's Opinions Nos. V-940 (1949) and WW-1269 (1962) this office was questioned as to the legality of a privately financed chapel and religious building on two state college campuses. Such facilities were approved, but please note that no state or county funds were to be used in the construction or erection thereof.

We are constrained to hold that the Commissioners' Court of Calhoun County may not expend tax funds for the construction or erection of a chapel in the county hospital. Such expenditure would be in violation of Section 6 of Article I of the Constitution of Texas.

## SUMMARY

The Commissioners' Court of Calhoun County may not expend tax funds for the construction and maintenance of a chapel in connection with a county hospital.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Fred D. Ward
Fred D. Ward
Assistant

FDW:mkh:wb

Honorable Jack Fields, page 4   (WW-1409)


APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
L. P. Lollar
Sam Stone
Grady Chandler

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore